PERKINS WINDMILL & AX COMPANY v. J. W. TILLMAN.

FILED JUNE 23, 1898.   No. 8177.

1. Alteration of Instruments: PLEADING. A change made in a written instrument by a stranger is an act of spoliation merely and recovery may still be had, but the instrument must be pleaded according to its original terms and not according to its terms as altered.

2. ———: ———: RATIFICATION. When the holder of a note had notice that it had been altered by changing the amount, and with such notice sued upon it in its altered condition, and endeavored to recover thereon, held, that he thereby ratified the act of alteration, and that the court did not err in refusing to permit him, after trial, to amend by counting on the note as originally made.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J.   Affirmed.

E. M. Coffin and V. H. Stone, for plaintiff in error.

Clark & Allen, contra.

IRVINE, C.

This was an action by the plaintiff in error against the defendant in error on a promissory note for $45. The

answer was a general denial. The case was tried to the court without a jury, and by special findings the case was determined in favor of the defendant. The facts as established by the proof and found by the court were that the defendant had purchased a windmill from an agent of the plaintiff and had given in part payment his note for $25. This note was afterwards altered, presumably by the agent, so as to make its amount $45, and was transmitted in its altered condition to the plaintiff.

The plaintiff contends, and correctly, as held by several decisions of this court, that a change made in a written instrument by a stranger is a mere spoliation, and that a recovery can still be had according to its original terms. It is next argued, and here there is room for doubt, that an agent to sell, receive notes in payment, and transmit them to his principal, is, for the purposes of the rule stated, a stranger, unless he had authority to make the alteration or his act in so doing has been ratified. We need not decide that question, because it was shown clearly that the alteration had been made and the petition was upon the note as altered. The denial put the execution of such a note in issue, and the proof sustained the denial. The amount of the note is descriptive thereof, and under a description of a note for $45 recovery could not be had on one for $25. If the plaintiff desired to recover upon the note as made he should have so described it.

Five days after the trial application was made for leave to amend by alleging the note as made. The application was denied and that ruling is assigned as error. Leave to amend was properly refused. The evidence shows that the note was sent to a local bank for collection. It was returned and bears upon its back the words: "Says this amt. is incorrect." Defendant also wrote plaintiff as follows: "I have the money that I owe you, but I will not pay that $45 note for I never gave it. P. S. Send this note that I gave you to Valparaiso Bank and I will cash it at once." The plaintiff asserts that this was a mere

charge that defendant had not signed the note and did
not put it on inquiry as to the alteration. We think
otherwise. He had asserted that the amount was incor-
rect and then wrote that he never gave the $45 note.
He added sufficient to show that he had made some other
note which he was willing to pay. This certainly
charged the plaintiff with notice that there had been a
forgery committed. Notwithstanding such notice, it
sued on the forged instrument before a justice of the
peace, and on appeal again asserted the validity of the
altered instrument. It never admitted that the instru-
ment was not in its original condition until after the trial,
when it found itself defeated in its attempt to enforce it
as altered. These facts sustained the special finding
that the plaintiff ratified the agent's acts by suing after
notice of the change and alteration. Even if the plaintiff
might be permitted to amend on appeal by counting on
an essentially different instrument than that sued upon
before the justice, there was no error in refusing leave to
amend after ratification had transformed what had pos-
sibly been only a spoliation into an alteration.

AFFIRMED.